UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KAY WIENS,<br><br>Plaintiff,<br><br>v.<br><br>U.S. OF AMERICA VETERANS HOSPITAL,<br><br>Defendant. | No. 2:17-cv-2438 MCE DB PS<br><br>ORDER AND<br>FINDINGS AND RECOMMENDATIONS |

Plaintiff David Wiens is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On May 18, 2018, the matter came before the undersigned for hearing of defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 18.) Plaintiff David Wiens appeared on his own behalf. Attorney Lynn Ernce appeared on behalf of the defendant.

For the reasons stated below, the undersigned finds that defendant's motion to dismiss should be granted and plaintiff's complaint dismissed without leave to amend.

BACKGROUND

Plaintiff, proceeding pro se, commenced this action on November 20, 2017, by filing a complaint and paying the required filing fee. (ECF No. 1.) Therein, plaintiff alleges that he is "a disabled person" who "received an honorable discharge" from military service. (Compl. (ECF

1

No. 1) at 7.[1]) As a result of his service, plaintiff receives "free healthcare for [plaintiff's] lifetime." (Id.) While at a "yearly appointment at the spinal cord injury clinic," plaintiff "was taken to dental" due to symptoms of a high temperature and tooth pain. (Id. at 7-8.)

On June 14, 2013, the "VA Hosp. Dental Dept. improperly extracted" plaintiff's tooth. (Id. at 8-9.) Specifically, the "intern dentist broke the tooth off." (Id. at 8.) Plaintiff was told to see "a dentist outside the VA" to have the tooth extracted, and was "taken back to Sacramento." (Id.) Plaintiff was "released to go home . . . bloody and in pain[.]" (Id. at 9.)

On December 12, 2017, plaintiff filed a motion to admit evidence and a request for the appointment of counsel. (ECF No. 4.) Defendant United States of America filed the pending motion to dismiss on February 12, 2018. (ECF Nos. 7 & 10.) The hearing of defendant's motion was continued to May 18, 2018, after plaintiff failed to file a timely opposition. (ECF No. 12.) On March 22, 2018, plaintiff filed a motion for an extension of time. (ECF No. 13.) Plaintiff filed an opposition on May 1, 2018. (ECF No. 14.) On that same day plaintiff filed a motion to allow discovery and a motion for plaintiff to depose a witness. (ECF Nos. 15 & 16.) Defendant filed a reply to plaintiff's opposition on May 4, 2018. (ECF No. 17.)

## STANDARDS

I. Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

2

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

## ANALYSIS

I. Plaintiff's Motions

    A. Motion to Admit Evidence

Plaintiff's December 12, 2017 motion to admit evidence explains that plaintiff "filed the case to[o] fast" and seeks to include "two very important documents" as part of this case. (ECF No. 4 at 1.) The issue of admissibility is ultimately one for trial. However, in light of plaintiff's pro se status, the undersigned has considered all of plaintiff's filings in evaluating defendant's

motion to dismiss. Plaintiff's December 12, 2017 filing also requests that the court appoint plaintiff an attorney, because plaintiff is proceeding pro se and is "worried that the other side will not play fair." (ECF No. 4 at 7.)

Plaintiff is informed that federal district courts lack authority to require counsel to represent indigent plaintiffs in civil cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). The court may request the voluntary assistance of counsel under the federal in forma pauperis statute, but only under exceptional circumstances. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate his or her claims. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Here, for the reasons explained below, the undersigned will recommend that defendant's motion to dismiss be granted and plaintiff's complaint dismissed without leave to amend. Moreover, based on plaintiff's filings and oral argument, it appears plaintiff is capable of articulating plaintiff's claims. Accordingly, at this time, the undersigned finds that plaintiff's likelihood of success on the merits and ability to articulate claims does not satisfy the test for exceptional circumstances. Accordingly, plaintiff's request for the appointment of counsel is denied.

  B. <u>Motion for an Extension of Time</u>

Plaintiff's March 22, 2018 motion sought an extension of time to file a status report. (ECF No. 13.) Although a status conference was set in this action, the filing of defendant's motion to dismiss resulted in the status conference being vacated. (ECF Nos. 5, 7, 12.) Accordingly, plaintiff's March 22, 2018 motion for an extension of time is denied as having been rendered moot.

  C. <u>Motion to Allow Discovery & Motion to Depose a Witness</u>

Plaintiff's May 1, 2018 motion to allow discovery states only that plaintiff seeks "time to receive" a "FOIA" request. (ECF No. 15.) Plaintiff's May 1, 2018 motion to depose a witness

seeks an order allowing plaintiff to depose "the person" who injured plaintiff and to require that person to "take a look into [plaintiff's] mouth" at the deposition. (ECF No. 16 at 1-2.)

"[A] pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery." Twin City Fire Ins. Co. v. Employers Ins. of Wausau, 124 F.R.D. 652, 653 (D. Nev. 1989). However, "[t]he purpose of Federal Rule of Civil Procedure 12(b)(6) is to enable defendants to challenge the legal sufficiency of a complaint without subjecting themselves to discovery." Ministerio Roca Solida v. U.S. Dept. of Fish and Wildlife, 288 F.R.D. 500, 502 (D. Nev. 2013). Accordingly, "discovery at the pleading stage is only appropriate where factual issues are raised by a Rule 12(b) motion[.]" Tradebay, LLC v. eBay, Inc., 278 F.R.D. 597, 601 (D. Nev. 2011) (citing Wagh v. Metris Direct, Inc., 363 F.3d 821, 829 (9th Cir. 2003)).

Here, defendant's motion to dismiss does not raise a factual issue. Instead, defendant's motion asserts that plaintiff's complaint is time-barred. And the parties do not dispute any of the dates at issue. Moreover, based on the parties' filings and argument, the undersigned finds that defendant's motion to dismiss should be granted. Accordingly, plaintiff's discovery motions will be denied without prejudice as premature.[2]

II.     Defendant's Motion to Dismiss

Defendant's motion to dismiss argues that "[o]n the face of the complaint, plaintiff's claim is time-barred by the Federal Tort Claim Act's two-year statute of limitations for filing administrative claims[.]" (Def.'s MTD (ECF No. 7) at 1.) In this regard, an action based on the negligent or wrongful conduct of a government employee must be brought against the United States as a claim pursuant to the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. §§ 2671-2680; see also Kennedy v. U.S. Postal Service, 145 F.3d 1077, 1078 (9th Cir. 1998) ("the United States is the only proper party defendant in an FTCA action"). The FTCA "vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of Government employees." Jerves v. United States, 966 F.2d 517, 518 (9th Cir. 1992).

////

---

[2] In this regard, plaintiff may re-notice these motions for hearing before the undersigned in the event these findings and recommendations are not adopted by the assigned District Judge.

5

"A claimant must present a tort claim against the United States in writing to the appropriate Federal agency within two years after injury." Krueger v. Saiki, 19 F.3d 1285, 1286 (8th Cir. 1994) (citing 28 U.S.C. § 2401(b)); see also Hensley v. U.S., 531 F.3d 1052, 1056 (9th Cir. 2008) ("the statute provides that a tort claim 'shall be forever barred' unless it is presented 'within two years after such claim accrues'"). "The general rule, within the meaning of the FTCA is that a tort claim accrues at the time of the plaintiff's injury[.]" Attallah v. U.S., 955 F.2d 776, 779 (1st Cir. 1992).

Here, the complaint alleges that plaintiff was injured on June 14, 2013. (Compl. (ECF No. 1) at 9.) Moreover, attached to plaintiff's complaint is a copy of an April 5, 2017 letter from the U.S. Department of Veterans Affairs Office of Chief Counsel concerning plaintiff's Administrative Tort Claim. (Id. at 22.) According to that letter, plaintiff did not present a tort claim until February 17, 2017—almost four years after plaintiff's claim accrued. (Id.)

Plaintiff's opposition does not dispute defendant's argument. Instead, plaintiff argues that "this is a continuing action and may be a new tort[.]" (Pl.'s Opp.'n (ECF No. 14) at 2.) Plaintiff's opposition also argues that he has been "trying diligently to get help." (Id. at 1-2.) Although the undersigned is cognizant of the challenges faced by parties proceeding pro se, the FTCA explicitly states that a "tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues[.]" 28 U.S.C. § 2401(b) (emphasis added). It is true that "the FTCA's time bars are nonjurisdictional and subject to equitable tolling." U.S. v. Kwai Fun Wong, 135 S. Ct. 1625, 1638 (2015). However, plaintiff's filings and oral argument fail to present any basis for equitable tolling.

Accordingly, for the reasons stated above, defendant's motion to dismiss should be granted.

### LEAVE TO AMEND

The undersigned has carefully considered whether plaintiff could amend the complaint to state a claim upon which relief could be granted. Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v.

Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

In light of the deficiencies noted above, the undersigned finds that it would be futile to grant plaintiff leave to amend. Therefore, the undersigned will recommend that plaintiff not be granted leave to amend.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's December 12, 2017 motion to admit evidence and request for the appointment of counsel (ECF No. 4) is denied without prejudice to renewal;

2. Plaintiff's March 22, 2018 motion for an extension of time (ECF No. 13) is denied as having been rendered moot;

3. Plaintiff's May 1, 2018 motion to allow discovery (ECF No. 15) is denied without prejudice to renewal; and

4. Plaintiff's May 1, 2018 motion to depose (ECF No. 16) is denied without prejudice to renewal.

IT IS ALSO RECOMMENDED that:

1. Defendant's February 12, 2018 motion to dismiss (ECF No. 7) be granted;

2. The complaint be dismissed without leave to amend; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections.

////

////

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 2, 2018

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/wiens2438.mtd.f&rs